UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SHOLL II, | No. 2:21-cv-00064 GGH P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN,[1] | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). In the instant action, petitioner has not identified a respondent in the caption. Petitioner is cautioned that should he file an amended habeas petition; petitioner must name the proper respondent.

the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

In the petition, petitioner alleges a single claim alleging the "trial court imposed an illegal conviction against petitioner." ECF No. 1 at 4. Petitioner provides an attachment for his supporting facts for this claim. Id. However, review of the attachment lists multiple ineffective assistance of counsel claims. Id. at 3. Petitioner provides no supporting facts for any of his claims, nor is it clear from the petition whether each of his claims have been fully exhausted in state court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief separately and summarize the facts he alleges support each of the identified claims. Moreover, petitioner must state whether each claim presented has been fully exhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

---

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

3.  Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4.  The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

Dated: February 11, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE