UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SHOLL, II,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW ATCHLEY, WARDEN,<br><br>　　　　　Respondent. | No.  2:21-cv-0064 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks habeas relief pursuant to 28 U.S.C. § 2254.  The matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before the court are respondent's motion to dismiss and petitioner's motion to strike restitution.  ECF Nos. 17, 23.  For the reasons stated below, petitioner's motion to strike restitution will be denied.  The undersigned will further recommend that the motion to dismiss be granted.

　　　　I.　　BACKGROUND

　　　　In 2017, petitioner was convicted of second-degree murder in Sacramento County Superior Court case number 15F04686, and was sentenced to an aggregate term of forty years to life in state prison.  On appeal, the case was remanded to the superior court for development of the record as relevant to petitioner's future youth offender parole hearing, and for determination

whether petitioner's firearm enhancement should be stricken. The judgment was otherwise affirmed. ECF No. 18-2. A petition for review was denied in the California Supreme Court in 2019. ECF No. 18-4. As described more fully below, proceedings in superior court after remand continued through 2022.

The original federal petition was docketed on January 13, 2021, ECF No. 1, and an unsolicited first amended petition ("FAP") was docketed on May 18, 2021, ECF No. 5. The FAP presents numerous conclusory allegations of ineffective assistance of counsel, as well as unclear allegations of due process violations and misconduct. ECF No. 5 at 5.

On August 20, 2021, respondent moved to dismiss on the alternative grounds of Younger abstention and non-exhaustion of state court remedies. ECF No. 17. Petitioner did not file an opposition to the motion as required by the Local Rules, and the magistrate judge previously assigned to this case ordered petitioner to show cause why this action should not be dismissed for failure to prosecute and/or for failure to follow a court order. ECF No. 20. Rather than responding to the OSC or opposing the motion to dismiss, petitioner filed a request for prospective relief, a second amended petition, and the pending motion to strike restitution. ECF Nos. 21, 22, 23.[1] The unopposed motion to dismiss was deemed submitted. ECF No. 24. Respondent was directed to notify the court if the state court rendered a final decision in petitioner's case prior to a decision on the motion to dismiss. Id. at 2.

On March 8, 2023, the undersigned directed respondent to file a status report addressing the pendency of petitioner's criminal case on remand. ECF No. 28. Respondent has filed a status report. ECF No. 29.

II. MOTION TO DISMISS

A. Younger Abstention

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal prosecution absent extraordinary circumstances. Younger, 401 U.S. at 45;

---

[1] Because the second amended petition, ECF No. 22, was neither authorized by the court nor timely filed in relation to the motion to dismiss, it must be disregarded. See Fed. R. Civ. P. 15(a)(1)(B).

2

Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted). Abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) that proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

Respondent's recent status report, ECF No. 29, represents that petitioner's superior court proceedings remain ongoing. Respondent attaches a superior court docket report showing that unspecified motions were denied in the superior court on various dates in 2020, 2021 and 2022, and on that basis asserts that "it appears the Sacramento County Superior Court has not yet held a hearing on the Court of Appeal's remand." ECF No. 29 at 1. No such thing appears from the face of the docket, ECF No. 29-1. The motion most recently denied in superior court was a "motion for dismissal." Id. at 2. Dismissal of what? The docket does not say. Respondent provides no information about what was at issue on that motion, and it is entirely possible that it and/or other motions already decided by the superior court have resolved the issues on remand, which included possible dismissal of a firearms enhancement. The docket specifically indicates that no future hearings are scheduled in superior court, id., which is inconsistent with still-pending remand proceedings. Respondent provides no information about the pendency or status of any applications for review or relief in the appellate courts post-remand.

Nonetheless, respondent is correct that what matters for Younger purposes is not whether the state court proceedings remain ongoing at the present time, but whether they were ongoing at the time the federal action was filed. See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) ("Younger abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed."). In Beltran, the Ninth Circuit specifically

"reject[ed] the proposition that abstention was unwarranted if the state proceedings had terminated after the federal filing but before the federal decision regarding abstention." M&A Gabaee v. Cmty. Redevelopment Agency of L.A., 419 F.3d 1036, 1042 (9th Cir. 2005) (discussing Beltran's holding and its application). This court is bound by that rule.

Respondent has demonstrated that state court proceedings in petitioner's criminal case were ongoing at the time the petition was filed in January 2021. See ECF No. 17-1 (superior court docket reflecting hearings on March 13, 2020 and on May 3, 2021 in case number 15F04686); ECF No. 29-1 (updated docket showing superior court proceedings through June 17, 2022). Pursuant to Beltran, supra, state proceedings must be considered "ongoing" for Younger purposes whether or not they have concluded since the filing of the federal petition. See Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987), cert. denied, 485 U.S. 934 (1988) (holding that "the critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings were underway before initiation of the federal proceedings'").

The other Younger factors are also satisfied. State criminal proceedings indisputably implicate important state interests for Younger purposes. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45). State criminal proceedings also, by their nature, provide an opportunity for constitutional questions to be presented in the course of judicial review. See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."); Spivey v. McDowell, 2016 U.S. Dist. LEXIS 183423, 2016 WL 8198332, at *3 (C.D. Cal. Dec. 15, 2016) ("It does not matter that after his conviction was affirmed, petitioner was unable to raise these specific constitutional claims. Rather, the third Younger requirement is

////

////

////

satisfied merely by the fact that he could have raised the present claims on direct appeal before his conviction was affirmed.").[2]

And finally, it is widely recognized that federal habeas proceedings regarding the validity of a conviction and/or sentence have the practical effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying criminal case. This is true whether or not the aspect of the case being addressed in the ongoing state court proceedings is the same aspect of the case being challenged in the federal habeas petition. See Duke v. Gastelo, No. 2:19-04712 AB (ADS), 2020 U.S. Dist. LEXIS 134464, 2020 WL 4341595, at *3 (C.D. Cal. June 24, 2020) (fourth Younger factor met because "granting Petitioner the habeas relief he seeks—release from confinement—would have the practical effect of enjoining the ongoing state resentencing proceeding"), adopted, 2020 U.S. Dist. LEXIS 133544, 2020 WL 4339889 (C.D. Cal. July 28, 2020).[3]

Accordingly, the requirements for Younger abstention are met and this case must be dismissed without prejudice. See Beltran, 871 F.2d at 782 ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action.") (emphasis in original); Gibson v. Berryhill, 411 U.S. 564, 577 (1973) ("Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts.")

B. The Exhaustion Requirement

Because this case must be dismissed on Younger grounds, extended discussion of the exhaustion issue is not necessary. However, petitioner is informed that the federal court cannot

---

[2] Federal courts must assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987).

[3] See also Phillips v. Neuschmid, 2019 U.S. Dist. LEXIS 204615, 2019 WL 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing") (collecting cases); adopted, 2019 U.S. Dist. LEXIS 204569, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019) (dismissing habeas petition).

entertain habeas claims unless state court remedies have been exhausted first. See 28 U.S.C. § 2254(b). Exhaustion requires presentation of each claim's legal and factual basis to the California Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008); cert. denied, 556 U.S. 1285 (2009). The only claims related to petitioner's conviction and sentence that appear to have been exhausted in state court are those contained in his 2019 petition for review, ECF No. 18-3, which are not included in his federal petition. None of the claims set forth in the original or amended federal habeas petitions were contained in the petition for review, and respondent has documented petitioner's failure to file any habeas petitions in state court prior to the filing of the federal petition. See ECF No. 17-1, (superior court docket report); ECF No. 18-4 (appellate court docket information). It thus appears that the federal petition is entirely unexhausted and would be subject to dismissal on that ground even if all proceedings related to the remand had concluded prior to commencement of this action.

Where dismissal on Younger grounds is appropriate, the district court may not retain jurisdiction for any purpose. Beltran, 871 F.2d at 782. Accordingly, this court may not consider staying the petition pending exhaustion of claims.[4]

### III.   MOTION TO STRIKE RESTITUTION

Petitioner moves this court to strike the order of restitution that was imposed by the superior court in conjunction with his conviction and sentence. ECF No. 23. The federal court lacks authority to consider this request, because the matter of restitution does not fall within the scope of its habeas jurisdiction. See Bailey v. Hill, 599 F.3d 976 (9th Cir. 2010) (federal habeas jurisdiction is limited to constitutional challenges to petitioner's custody, and a restitution order does not affect custody). To the extent that this motion should be construed as one to amend the

////

---

[4] Petitioner has not requested a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (permitting, under limited circumstances, stays pending further exhaustion of "mixed" petitions), and Mena v. Long, 813 F.3d 907 (9th Cir. 2016) (extending Rhines to petitions presenting only unexhausted claims). Because dismissal is required on abstention grounds, the undersigned has not provided the opportunity for such a motion.


petition to add a substantive claim attacking the restitution order, it is denied as futile for the same reason.

## IV.  PLAIN ENGLISH SUMMARY FOR PRO SE PETITIONER

The magistrate judge is recommending that the motion to dismiss be granted because you filed your habeas petition while the superior court was still considering your criminal case on remand from the California Court of Appeal.  A federal habeas petition should not be filed until all state court proceedings are finished and final.  Dismissal without prejudice means that you may file another habeas petition in this court, under a new case number, if and when everything is done in state court.  You should also be careful to only include claims in a federal habeas petition that have already been presented to the state courts, and taken all the way up to the California Supreme Court.  You can object in writing to this recommendation that the case be dismissed. The district judge will make the final decision.

Your motion to strike restitution is denied because a federal court can only consider issues that affect the legality of your conviction itself or your term of incarceration.

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that petitioner's motion to strike restitution, ECF No. 23, is DENIED.

It is HEREBY RECOMMENDED that respondent's motion to dismiss, ECF No. 17, be GRANTED on the grounds of Younger abstention, and that this case accordingly be dismissed without prejudice.  It is FURTHER RECOMMENDED that the court DECLINE to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE